Case 4:22-cr-00471   Document 64   Filed 01/28/26 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS | § | CRIMINAL ACTION NO. H-22-471 |
| | § | |
| EMMANUEL FINNIH | § | |

## ORDER

The Court has before it the Defendant's Motion to Dismiss with Prejudice for Structural Breakdown under *Cronic* and Speedy Trial Act Violations (Doc. No. 52), the Government's Response in Opposition (Doc. No. 54), and the Defendant's Reply (Doc. No. 55). The Court, finding no merit to the motion, hereby denies it.

As an initial matter, it should be noted that the Defendant filed this motion *pro se*. In normal circumstances, the Court would not allow this procedure as Defendant is represented by counsel. Having both the Defendant and his lawyer filing pleadings would be a violation of the long-standing rule against "hybrid representation." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). The Government asks this Court to reject this motion due to this "violation." While the Court would normally honor that request, it specifically made an exception to the general rule because of the circumstances involved. The Defendant fired his chosen counsel who had represented him in this case for over two years. The original version of this motion was filed soon thereafter—but before Defendant's current counsel was appointed by the Court. After the appointment, the Court held a status conference based primarily on Defendant's request to proceed *pro se*. The Defendant was instructed to confer with his newly appointed counsel, Neal Davis and he ultimately decided to proceed with Mr. Davis as his counsel. Nevertheless, less than a week later, Defendant filed more pleadings—this time in an *ex parte* sealed manner. The Court struck those filings, but then held yet

1

another conference in an effort to keep this case on track. Prior to the conference, Defendant—again, *pro se*—filed a status report detailing the numerous meetings he had with Mr. Davis. The report and/or conference indicated that, while the Defendant and Mr. Davis were developing a good working relationship, Mr. Davis "in good conscience" could not file the motion that the Defendant wished to file. At the conference, however, the Court in an effort to move this case forward and in an effort to protect Finnih's rights, gave him special permission to file the instant motion that is now before the Court.

Thus, while this motion represents an aberration from the well-accepted principle that a defendant who is represented by counsel can not file pleadings on his/her own behalf, it was filed after having obtained permission from the Court. The Court, therefore, will not deny or strike the motion due to a violation of the hybrid representation rule. (It should be noted and emphasized that this permission was for this motion only.)

That being the case, the Court will address the two substantive points raised by Defendant's motion: 1) an alleged violation of Defendant's rights to a speedy trial; and 2) an ineffective assistance of counsel claim based upon *United States v. Cronic*, 466 U.S. 648 (1984).

A.   **Speedy Trial**

The Defendant was indicted on September 28, 2022, was arrested two days later, and was arraigned on October 3, 2022. He was represented at that time by Keith Jackson—a lawyer he had engaged. On November 7, 2022, Jackson requested a continuance. Later, Defendant fired Mr. Jackson and hired, in approximately early December of 2022, Kent Schaffer and James Kennedy as his attorneys. During their representation of Defendant, they filed multiple motions for continuance which were granted by the Court, including ones granted on October 11, 2023, April 5, 2024, November 11, 2024, and April 18, 2025. Each of these continuances were requested by the defense.

2

Each was unopposed by the Government. Each was granted by the Court because the ends of justice were better served by granting the continuances, and those ends outweighed the interest of the public and the defendant in a speedy trial, even if the order does not reflect such a finding. To the extent such a finding was omitted on those Orders, the Court hereby finds that each and every time a continuance was granted, the continuance was warranted and each order was granted based upon the finding that the ends of justice were better served by the granting of the continuance and that those ends outweighed the best interests of the public and the defendant in a speedy trial. This manner of addressing the findings has been approved by the Fifth Circuit. *See United States v. McMillon*, 657 F. App'x 326 (5th Cir. 216). Moreover, any "delay" in getting this to trial was caused by one of three reasons— none of which are attributable to the Government. The case has not gone to trial because: 1) Defendant's lawyers requested more time; 2) Defendant changed lawyers and then had the new lawyers request more time; or 3) Defendant also picked up state court charges and his lawyers were trying to work out an overall solution that encompassed both the state and federal charges. These efforts eventually resulted in a new plea offer which immediately preceded the Defendant's decision to fire attorneys Schaffer and Kennedy on July 10, 2025.

The Court finds no speedy trial violation— but hastens to add that, short of very serious, unforseen circumstances, this case will proceed to trial on the current schedule.

### B. An Alleged *Cronic* Violation

Defendant is effectively making a before-the-fact ineffective assistance claim. Such a claim normally accrues after a trial or at least after some form of prejudicial harm. Currently, it is pre-trial and there is no evidence of any such harm. Normally, such a claim requires proof of 1) counsel's deficient performance; and 2) prejudice caused by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Finnih brings his claim pursuant to the doctrine described

3

in *United States v. Cronic*, 466 U.S. 648, 658 (1984). This case holds that where the defendant is completely denied counsel at a critical stage of trial, or counsel fails to subject the case to meaningful adversarial testing, the movant need not demonstrate prejudice. The situations that fit into this category are rare and are limited to those that are so likely to prejudice the defendant that the cost of litigating their effect can not be justified.

First, it must be noted that Finnih complains about his former lawyers—not his current one. Second, the motion is supported by only Defendant's own declaration. Lastly, in his motion and his declaration, Defendant makes only conclusory statements to the effect he has somehow been harmed, but has provided the Court with no evidence (which is no doubt why he is contending that *Cronic*, not *Strickland*, controls) and not even a theory of how he could have been harmed.

Specifically he claims that his former lawyers:

> Filed zero substantive motions — no suppression motions, motions in limine, or challenges to the government's legal theories or evidence (Ex. B).
>
> Engaged in no discovery litigation — no motions to compel, no objections to incomplete or delayed disclosures.
>
> Conducted no witness interviews of any kind, leaving the government's narrative wholly untested.
>
> Launched no factual investigation — no exploration of alibi, exculpatory narrative, or evidentiary contradictions.
>
> Consulted no experts — notwithstanding the digital and financial complexity central to the charges.
>
> Mounted no opposition — no adversarial testing, no case theory, no engagement with the government's allegations.

Doc. 52, pp. 5-6.

The Court addresses these topics in order. First, Finnih suggests counsel has filed no substantive motions and points out that there have been no motions to suppress or motions in limine.

4

With regard to the former, he does not suggest what evidence should be suppressed, why it should be suppressed or any fact or law to support this hypothetical motion. With regard to the latter, the time for motions in limine has not yet passed as this Court only addresses those motions when the case is clearly headed for trial. Moreover, Defendant has not suggested what topics would even be covered by any hypothetical motion in limine.

With regard to the second category, Finnih provides no law or evidence to suggest that "discovery litigation" is or was warranted. It is clear that all of his prior counsel investigated what evidence the Government has and to date there is no suggestion that the Government is holding something back.

Next, he complains that no witness interviews have been conducted. The Court has no means at this stage in determining whether this conclusion is accurate or whether witness interviews are even needed; nevertheless, Finnih does not provide this Court with the name of any "witness" that he suggests should have been interviewed and/or how that interview would have made a difference. This Court is aware, however, that Defendant is accused of fraudulently obtaining nearly $600,000 in student financial aid funds and of unlawfully using or transferring certain identification documents. While the Court can conceive of the theoretical possibility that certain witnesses might need to be interviewed, there has been ample, and still is, time to do so. Moreover, the Court has no information about what witness statements have already been disclosed to counsel. This case appears to be one that will be grounded in evidence that relates to the loan applications and the trail of funds being transferred. These kind of cases are usually not "witness heavy" and instead seem to be document intensive. Finnih's lawyers either have reviewed or will review the file and presumably have had access to all pretrial records. Once again this Court has no way of knowing that at this time. This same analysis applies to the alleged lack of factual investigation. Finnih has

not provided any information that suggests that such investigation would be meaningful or more importantly, that the lack of such investigation has damaged his defense.

Finnih further suggests that his former counsel consulted no experts, yet he does not suggest what kind of expert should have been consulted, why an expert is needed or why such an expert could not be consulted now. Finally, he suggests an entire lack of "opposition," yet again makes only conclusory allegations — some of which are directly undermined by the Government's response that demonstrates a number of investigative and/or adversarial activities between the Government's counsel and Finnih's.

The Court finds no support for the proposition that this case currently falls under the limited exception provided by the Supreme Court in *Cronic*. More importantly, Finnih has not provided this Court with an explanation for why any of the motions/investigations/interviews could not be conducted between now and trial. His complaints are about his former counsel who have not been involved since Finnih fired them in July of this year. Finnih, while he represented himself, could have conducted or he and his new counsel could now conduct any of those tasks in the upcoming months. The trial is not set until February 23, 2026. This allows time for those tasks that actually need to be done to be accomplished.

The Motion to Dismiss (Doc. No. 52) is **DENIED**. The Motion for a Ruling (Doc. No. 62) is **GRANTED in part**. Defendant is not to file any more pleadings except those filed by his counsel.

SIGNED this 27th day of January 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE